UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA MURRY,                                Case No. 10-14634

        Plaintiff,                         Sean F. Cox
v.                                          United States District Judge

CHRYSLER GROUP, LLC,                        Michael Hluchaniuk
                                            United States Magistrate Judge
        Defendant.
_____/

# REPORT AND RECOMMENDATION
# MOTION TO DISMISS (Dkt. 17)

## I.  PROCEDURAL HISTORY

Plaintiff filed a *pro se* action against her former employer, the Chrysler Group, LLC under the Family Medical Leave Act, the Americans with Disabilities Act, and the Michigan Persons with Disabilities Civil Right Act.  (Dkt. 1). Plaintiff later obtained counsel in this matter.  District Judge Sean F. Cox referred a motion to compel, or in the alternative, a motion to dismiss based on discovery violations to the undersigned.  (Dkt. 18).  Defendant filed this motion on June 27, 2011.  (Dkt. 17).  In the interim, plaintiff's counsel filed a motion to withdraw, which was denied by Judge Cox.  (Dkt. 20, 25).  The undersigned held a hearing on the motion to dismiss or to compel on September 7, 2011, pursuant to notice.  (Dkt. 19).

The undersigned entered an order requiring plaintiff to appear at the office of counsel for defendant at 9 a.m. on September 15, 2011 for the completion of her deposition and the production of all documents and tapes previously requested in discovery by defendant; that plaintiff confirm to her counsel by September 14, 2011 that she will fully comply with her requirement to appear and produce documents and tapes on September 15, 2011; and that should plaintiff fail to fully comply with this Order, defense counsel is to certify any such failure to the Court and the undersigned will recommend that this matter be dismissed. (Dkt. 28).

On September 16, 2011, defendant filed a notice to renew the motion to dismiss. (Dkt. 29). On October 7, 2011, plaintiff's counsel filed a response to the renewed motion. (Dkt. 33). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED** with prejudice.

## II.   PARTIES' SUPPLEMENTAL FILINGS

According to defendant's counsel's affidavit, plaintiff appeared for her September 15, 2011 deposition, but was 50 minutes late. (Dkt. 29, Pg ID 647). Plaintiff did not bring the tape recordings she previously identified as relevant to the lawsuit. She claimed that she "forgot" to bring this evidence. Plaintiff also

brought a suitcase full of unorganized documents and took nearly four hours during the deposition to review the documents and identify the documents she was producing. She did not identify which documents were responsive to the particular requests for production of documents. Plaintiff also admitted that she had more documents related to her lawsuit that she did not bring to the deposition. Some were at her brother's house and some she claimed were water damaged. *Id*. As defendant's counsel points out, plaintiff did not comply with the September 9, 2011 Order.

In her response, plaintiff's counsel presented an affidavit attesting to the following:

1.     During a telephone conference of September 9, 2011 held by this Honorable Court with Plaintiff, undersigned counsel and Defense represented by Mr. Tuyn as participants Plaintiff was allowed to provide a reasonable explanation for her prior failures to comply with the Federal Rules of Civil Procedure, as well as the Court's local rules and prior orders. This Honorable Court granted Defendant's Motion to Compel and Plaintiff was given another opportunity to complete her deposition and present relevant documents to comply with discovery.

2.     During said telephone conference, all participants jointly set the deposition for September 15, 2011 at 9 am to be again held at the offices of defense counsel. Plaintiff was also forewarned that her failure to bring herself in

full compliance with the court order and to fully participate in discovery could result in the possibility of her claim being dismissed in its entirety, to which she acknowledged.

    4.    Plaintiff was ordered to communicate her plan to participate in said deposition to undersigned counsel via both telephone and text message, which she did do so on the afternoon of September 14, 2011 as required.

    5.    At 8:50 am on the morning of September 15, 2011, while unloading her belongings to enter the office suites of opposing counsel in preparation for the scheduled deposition, undersigned counsel received a telephone call from Plaintiff indicating that she was at 10 Mile and Telegraph and was in need of directions to opposing counsel's office. Plaintiff indicated to undersigned counsel that she should arrive shortly.

    6.    Opposing counsel, undersigned counsel and the court reporter were prepped and ready to proceed with the deposition at 9 am as agreed.

    7.    From the meeting room which was located directly outside the lobby area, opposing counsel's secretary could be overheard giving further directions to Plaintiff over the next 30-40 minutes.

    8.    Regrettably, the following must be confirmed as true and accurate:

        a.    Plaintiff arrived at 9:50 am and came into the deposition without the documents in hand.

 b. Plaintiff had to be allowed time to return to her vehicle to retrieve the documents.

 c. Plaintiff brought one large suitcase full of documents that were not organized or sorted in any manner even after undersigned counsel had since June 2011 repeatedly instructed Plaintiff to gather and sort the documents in a manner to ensure clear response to the related interrogatory questions.

 d. Plaintiff prolonged the deposition by spending the entire morning looking through the documents in the suitcase, many of which were unclean, and passing those selected documents for copying. Opposing counsel's secretary copied the documents presented which upon information and belief was well over 1,000 pages.

 e. The deposition officially restarted almost 4 hours later than the scheduled start time of 9 am.

 f. When opposing counsel posed deposition questions, Plaintiff sifted through the documents but was all too often unable to direct attention to specific documents within the items presented that were relevant to support her claims, all of which proved, slow, cumbersome and unproductive.

      g.      The physician's note presented by Plaintiff that was intended to cover the initial missed deposition date did not specifically state that she was not to participate in depositions for 2 months as Plaintiff had previously indicated to counsel and this Honorable Court.

      h.      Further still, during the deposition, Plaintiff admitted to having brought no audio tapes as requested. Plaintiff also admitted to having more relevant documents that she failed or otherwise neglected to bring with her to the instant deposition.

9.      Upon exiting opposing counsel's office after the deposition, undersigned counsel reiterated to Plaintiff the incompleteness of the deposition due to Plaintiff's failure to propound requests for production with greater precision under the pending deposition and by her own admission that additional documents exist and accordingly should have been produced.

10.      Undersigned counsel indicated that she would expect a Motion to Dismiss for Non-Compliance from the defense and would respond, however there seemed little basis for a compelling argument since Plaintiff's failure to comply with her discovery obligations after being given additional opportunity to do so is all the more troubling. Plaintiff disagreed and indicated that she would appeal any adverse court opinion.

11.     Undersigned counsel had no further contact with Plaintiff until undersigned counsel received a missed call from Plaintiff on September 26, 2011 whereby Plaintiff left a message inquiring as to whether undersigned counsel intended to respond to Chrysler's motion on or before October 7, 2011.  On October 3, 2011 Plaintiff sent a text message asking again if undersigned counsel planned to respond.  Undersigned counsel reiterated her opinion of the negative status of Plaintiff's case.

12.     There continues to be a breakdown in the attorney-client relationship between Plaintiff and undersigned counsel. Undersigned counsel can not manage this client in a professional manner more conducive to achieving a positive outcome and opines that the documents submitted continue to be insufficient to adequately prosecute this case.  Undersigned counsel renews her motion to withdraw as counsel and resubmits same to this Honorable Court.[1]

13.     Plaintiff continues to contend that she has all the relevant documents in her possession and is ready, willing and able to present same to defense counsel. (Dkt. 33) (footnotes from original omitted).

---

[1] Plaintiff's counsel has filed a separate motion to withdraw as counsel for plaintiff.  (Dkt. 34).  This motion has not been referred to the undersigned by Judge Cox.  Thus, the undersigned will not resolve this issue in the context of this report and recommendation.

## III. ANALYSIS AND CONCLUSION

In *U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002), the Sixth Circuit observed that the factors considered for dismissal under either Rule 37(b)(2) or Rule 41(b) are the same:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

"Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.* In *Reyes*, the Court also held that a party seeking to avoid the sanction of dismissal "has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith." *Id.*, citing, *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). A district court does not abuse its discretion in dismissing a case "if a party has the ability to comply with a discovery order and does not." *Id.* The pre-dismissal warning for failure to comply with the district court's orders is pivotal to the determination of willfulness. *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

This Court also has the inherent authority to sanction litigants, which "derives from its equitable power to control the litigants before it and to guarantee

the integrity of the court and its proceedings." *Dell, Inc. v. Elles*, 2008 WL 4613978, *2 (6th Cir. 2008), citing, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991). Indeed, the court has the inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the court's orders. *Chambers*, 510 U.S. at 43-50. One specific judicial act within a court's inherent authority is to "fashion an appropriate sanction for conduct which abuses the judicial process," including dismissal of a lawsuit. *Dell*, at *2, quoting, *Chambers*, 510 U.S. at 44-45; *see also Gonzalez v. Ohio Cas. Ins. Co.*, 2008 WL 4277258, *1 (E.D. Mich. 2008) ("this court enjoys inherent authority to control its docket in promoting economies of time and effort for the court, the parties, and the parties' counsel.").

In this case, all factors weigh in favor of dismissal. Plaintiff has demonstrated that she is unwilling to comply with the Court's clear and explicit directives regarding the production of documents and other evidence. Based on the affidavits of counsel, the conclusion that plaintiff's failure to comply with the Court's order was the result of willful conduct is inescapable. The prejudice to defendant is obvious: it cannot defend against claims when it cannot obtain the discovery that plaintiff asserts supports her claim. Next, the Court plainly and expressly warned plaintiff during the hearing and in the September 9, 2011 Order that dismissal would be recommended if she continued to resist cooperating in

discovery. Finally, while the Court did not impose lesser sanctions on plaintiff, it gave her ample opportunity to correct her recalcitrance and she failed to do so. Under the circumstances, all the factors weigh in favor of dismissal and this course is recommended by the undersigned.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED** with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 5, 2012     s/Michael Hluchaniuk
                          Michael Hluchaniuk
                          United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on January 5, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Chiketa R. Palmore-Bryant, Martin C. Brook and Richard M. Tuyn .

                          s/Tammy Hallwood
                          Case Manager
                          (810) 341-7887
                          tammy_hallwood@mied.uscourts.gov