UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Donna Murry,

    Plaintiff,

v.                                                              Case No.: 10-14634

Chrysler Group LLC,                                 Honorable Sean F. Cox

    Defendant.

_____/

OPINION & ORDER ADOPTING REPORT & RECOMMENDATION OF THE
MAGISTRATE JUDGE AND GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Donna Murry ("Plaintiff") originally filed her Complaint as a *pro se* plaintiff on November 22, 2010, alleging disability discrimination, race discrimination, retaliation, intentional infliction of emotional distress, and breach of contract claims against Defendant Chrysler Group, LLC. ("Defendant").  The matter is currently before the Court on Defendant's Motion to Dismiss for Failure to Prosecute.  The parties have fully briefed the issues and the Magistrate Judge issued a Report & Recommendation on January 5, 2012.  For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's Report & Recommendation in its entirety and **GRANTS** Defendant's motion to dismiss.

BACKGROUND

After filing her initial Complaint on November 22, 2010, Plaintiff filed a motion to enforce a judgment (D.E. No. 7) regarding a prior, unrelated action[1] on April 11, 2011.  Just a

---

[1]In the motion to enforce a judgment, Plaintiff requests that the Court enforce a judgment related to a settlement agreement in a prior discrimination case filed against Defendant by

few days later, on April 15, 2011, Attorney Chiketa R. Palmore-Bryant filed an appearance on behalf of Plaintiff. (D.E. No. 10).

Plaintiff appeared for her deposition on May 11, 2011, but failed to produce all the documents and evidence requested by Defendant in its request for production of documents, including certain tape recordings that allegedly support Plaintiff's claims. As a result, Plaintiff's deposition was not completed and the parties agreed to continue the deposition on May 13, 2011. Plaintiff, however, failed to appear for her deposition on May 13, 2011.

On May 26, 2011, after the parties stipulated to extend discovery for the purposes of completing Plaintiff's deposition and obtaining documents from Plaintiff, the Court issued an Amended Scheduling Order extending the discovery deadline to June 30, 2011. The parties agreed to complete Plaintiff's deposition on June 20, 2011, but Plaintiff's counsel notified Defense counsel that Plaintiff would not appear on that date because of her doctor's orders. Plaintiff refused to provide an accommodating deposition date prior the close of discovery.

On June 27, 2011, Defendant filed a Motion to Dismiss for Failure to Prosecute and Failure to Cooperate with Discovery, or, in the Alternative, to Compel Plaintiff to Appear at Her Continuing Deposition and to Produce Documents. (D.E. No. 17). The motion was referred to Magistrate Judge Michael J. Hluchaniuk on June 30, 2011.

On July 28, 2011, Defendant also filed a motion for summary judgment. (D.E. No. 24).

---

Plaintiff in 2007 (Case No. 07-14832). Plaintiff did not provide any evidence to support her claims that there exists a judgment in her favor. Defendant responded to Plaintiff's motion, indicating that there exists no judgment in that case, and Plaintiff failed to sign any settlement agreement. Defendant provided evidence that the 2007 case was, in fact, dismissed by the Sixth Circuit Court of Appeals on July 31, 2008. Plaintiff did not challenge the assertions of Defendant and her claims appear frivolous. Accordingly, Plaintiff's motion to enforce a judgment must be dismissed because it has no merit or basis in fact.

Plaintiff did not timely file a response to Defendant's motion for summary judgment.

Magistrate Judge Hluchaniuk issued a Order Compelling Discovery (D.E. No. 28) on September 9, 2011, requiring Plaintiff to appear on September 15, 2011 for the completion of her deposition and the production of all the documents and audio tapes requested by Defendant. Plaintiff appeared at her September 15, 2011 deposition, but once again failed to bring tape recordings that are relevant to this case. Plaintiff also admitted that she did not bring the entirety of the documents requested by Defendants and spent nearly four hours during the deposition trying to review the documents she did bring, but failed to indicate which documents were responses to Defendant's Requests for Production of Documents and/or Defendant's Notice of Deposition Duces Tecum. As a result, on September 16, 2011, Defendant renewed its Motion to Dismiss for Failure to Prosecute and Failure to Cooperate with Discovery. (D.E. No. 29).

On October 10, 2011, after responding to Defendant's motion to dismiss, Ms. Palmore-Bryant filed a motion to withdraw as counsel for Plaintiff. In her motion, she stated that "[t]here continues to be an irreconcilable breakdown in the attorney/client relationship." (Withdrawal Mtn., D.E. No. 34 at ¶ 1).

On January 5, 2012, Magistrate Judge Hluchaniuk issued a Report & Recommendation ("R&R") regarding Defendant's Motion to Dismiss for Failure to Prosecute and Failure to Cooperate with Discovery, wherein he recommends that the Court dismiss Plaintiff's case with prejudice for failing to comply with discovery. Plaintiff did not timely file objections to the R&R.

On January 19, 2012, however, the Court received a motion, written by Plaintiff's sister on behalf of Plaintiff, requesting additional time to file objections. (Obj. Mtn., D.E. No. 19).

3

On January 26, 2012, the court held a hearing on Ms. Palmore-Bryant's motion to withdraw. In an Order dated January, 27, 2012, the Court denied without prejudice Ms. Palmore-Bryant's motion and ordered Ms. Palmore-Bryant to file a response to Defendant's motion for summary judgment and file objections, if any, to the R&R. Ms. Palmore Bryant filed the requested response and objections on January 30, 2012. (D.E. No. 42).

## LEGAL STANDARD

The Sixth Circuit has stated that "a party must file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local*, 231, 829 F.2d 1370, 1373 (6th Cir. 1987). "[O]nly those specific objections to the magistrate's report will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Id.* "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Federal Rule of Civil Procedure 72(b)(3) provides: "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.*; 28 U.S.C. § 636(b)(1). In making this determination, the court is not required to conduct an evidentiary hearing. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a 'de novo determination' rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.").

## ANALYSIS

In its motion to dismiss, Defendant contends that Plaintiff's continuous refusal to

cooperate with discovery warrants dismissal because it has been in bad faith, has prejudiced Defendant, and because the Court has previously extended discovery in order to accommodate Plaintiff.

Defendant brings its motion pursuant to FED. R. CIV. P. 37(d)(1) and FED. R. CIV. P. 41(b). Rule 37(d)(1) permits a court to sanction a party for failing to appear for a deposition or for failing to serve answers, objections, or written responses to interrogatories. FED. R. CIV. P. 37(d)(1). The sanctions under Rule 37(d) include those listed in FED. R. CIV. P. 37(b). Rule 37(b) allows a district court to dismiss an action if a party fails to provide or permit discovery.

Similarly, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

FED. R. CIV. P. 41(b).

The Sixth Circuit has set forth the following factors for a court to consider when determining whether to invoke discovery sanctions, including dismissal, under Rule 37(b) or 41(b):

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) 'whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery'; (3) 'whether the dismissed party was warned that failure to cooperate could lead to dismissal'; and (4) 'whether less drastic sanctions were imposed or considered before dismissal was ordered.'

*Harmon v. CSX Transp., Inc.*, 110 F.3d 365, 366-7 (6th Cir. 1997).

Weighing these factors, Magistrate Judge Hluchaniuk agreed with Defendant and

concluded:

> In this case, all factors weigh in favor of dismissal. Plaintiff has demonstrated that she is unwilling to comply with the Court's clear and explicit directives regarding the production of documents and other evidence. Based on the affidavits of counsel, the conclusion that plaintiff's failure to comply with the Court's order was the result of willful conduct is inescapable. The prejudice to defendant is obvious: it cannot defend against claims when it cannot obtain the discovery that plaintiff asserts supports her claim. Next, the Court plainly and expressly warned plaintiff during the hearing and in the September 9, 2011 Order that dismissal would be recommended if she continued to resist cooperating in discovery. Finally, while the Court did not impose lesser sanctions on plaintiff, it gave her ample opportunity to correct her recalcitrance and she failed to do so. Under the circumstances, all the factors weigh in favor of dismissal and this course is recommended by the undersigned.

(R&R at 9-10).

After the January 26, 2012, hearing on Ms. Palmore-Bryant's motion to withdraw, Ms. Palmore-Bryant filed a response to the R&R. Plaintiff's counsel did not make any specific objections to the R&R, but rather, echoed Defendant's assertions that Plaintiff has failed to cooperate with discovery. Plaintiff's counsel stated:

> In all, at the September 15, 2011 deposition, Defendant was presented with well over 1000 pages of documents, however, same falls far short of the 51 line items requested by Defendant as outlined herein as subparagraphs items a - yy, including but not limited to the audio tapes/recordings which were not presented nor can undersigned counsel confirm the existence of same.
>
> Further undersigned counsel has been unable to secure any witnesses that will corroborate Plaintiff's allegations.
>
> Therefore, undersigned counsel opines the documents presented by and testimony of the Plaintiff were insufficient to advance a prima facie case and provide evidence of pretext or conspiracy against the Plaintiff.

(Plf's Resp. to R&R at ¶¶ 4-6).

Thus, Plaintiff's counsel readily admits that Plaintiff has failed to comply with Defendant's discovery requests and that Plaintiff's deposition testimony is insufficient to set forth a prima facie case of discrimination. Plaintiff has continuously failed to comply with the Court's September 9, 2011 Order Compelling Discovery and Plaintiff's counsel does not object to the Magistrate Judge's recommendation that the Court dismiss Plaintiff's case.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report & Recommendation (D.E. No. 36) in its entirety.

Furthermore, **IT IS ORDERED** that Defendant's Motion to Dismiss for Failure to Prosecute and Failure to Cooperate With Discovery (D.E. No. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order Enforcing Judgment and Order for Interest to be Paid (D.E. No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (D.E. No. 24) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

S/Sean F. Cox
SEAN F. COX
UNITED STATES DISTRICT JUDGE

Dated: February 23, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on

7

February 23, 2012, by electronic and/or ordinary mail.

                                          S/J. Hernandez
                                          Case Manager